## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAYAMI RODRIGUEZ,**

      **Plaintiff,**

**v.**                               **CASE NO.:**

**ARAMARK UNIFORM &**
**CAREER APPAREL, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAYAMI RODRIGUEZ, by and through undersigned counsel, brings this action against Defendant, ARAMARK UNIFORM & CAREER APPAREL, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq*.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 12101 *et seq*.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## **PARTIES**

4.    Plaintiff is a resident of Hillsborough County, Florida.

5.    Defendant operates a uniform company in Tampa, in Hillsborough County, Florida.

## **GENERAL ALLEGATIONS**

6.    Plaintiff has satisfied all conditions precedent, or they have been waived.

7.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.    Plaintiff requests a jury trial for all issues so triable.

9.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, the ADA, and the FCRA.

10.    At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII, the ADA, and the FCRA.

11.    Plaintiff is a member of a protected class of persons under Section 1981.

12.    Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

13.    Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits,

privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

14.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Title VII, the ADA, the FCRA, and Section 1981.

## FACTS

### *Plaintiff is in a Protected Class Due to Her Race and National Origin And Had, or Was Perceived as Having, a Handicap/Disability*

15.    Plaintiff is a Hispanic woman who exclusively speaks Spanish.

16.    Plaintiff is a member of a protected class based on her race and national origin and, on account of her protected status, Plaintiff benefits from the protections of Section 1981, Title VII, and the FCRA.

17.    During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

18.    Specifically, Plaintiff contracted COVID in or around May, 2022.

19.    At all times material here, Plaintiff could perform the essential functions of her job with Defendant, with or without accommodation.

20.    Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and FCRA.

### *Plaintiff was Qualified for her Employment with Defendant*

21.    Plaintiff began working for Defendant as an ironer in March, 2022, and she worked in this capacity until on or around May 16, 2022.

22.    Plaintiff was qualified for her position and performed the duties of her position with Defendant in a satisfactory manner.

### *Plaintiff Suffered Adverse Employment Action*

23.    Plaintiff was discriminated against based upon her race, national origin, and disability.

24.    There were approximately five (5) Hispanic employees working at Plaintiff's location. The majority of the other employees at this location were Black.

25.    Defendant showed preferential treatment to its non-Hispanic employees who spoke English, particularly to its Black employees.

26.    It was very hot in the building where Plaintiff worked, so she would consume water throughout the day. Defendant required Plaintiff to wait until a particular time to use the restroom and refused to allow Plaintiff to use the restroom prior to this time, even upon Plaintiff's requests.

27.    However, when Black, non-Hispanic employees, outside of Plaintiff's protected class, made similar requests, Defendant permitted them to use the restroom.

28.    Defendant also reprimanded Plaintiff and other Hispanic employees for the length of their bathroom breaks, however, allowed Black, non-Hispanic employees to take extended bathroom breaks with no repercussions.

29.    Plaintiff complained to a supervisor, Glenn, about the disparate treatment and discrimination that she was experiencing, due to her race and national origin.

30.    However, Defendant failed to take any remedial action.

31.    In or around May, 2022, Plaintiff contracted COVID-19 and informed Defendant of this.

32.    Plaintiff took a short and defined medical leave of absence, beginning on May 3, 2022. Defendant told Plaintiff to return to work when she recovered from COVID-19.

33.    When Plaintiff recovered from COVID-19, she sent Defendant a photograph of her negative test results.

34.    Plaintiff returned to work on May 16, 2922, however, on this day, Defendant terminated Plaintiff's employment, due to Plaintiff's disability, in retaliation for having requested the reasonable accommodation of a brief medical leave of absence, due to Plaintiff's race and national origin, and in retaliation for objecting to race and national origin discrimination.

35.    When Plaintiff was being terminated, she requested a translator, so that she could properly defend herself against the termination, as her supervisor

did not speak Spanish. However, Defendant denied Plaintiff's request for a translator.

36.    Defendant offered merely a pretextual reason for Plaintiff termination, claiming that Plaintiff was terminated for exceeding five "points" against her, when she, in fact, had not.

## COUNT I –42 U.S.C. § 1981 VIOLATION
## (RACE DISCRIMINATION)

37.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 8, 11 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

38.    Plaintiff is a member of a protected class of persons under Section 1981.

39.    Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race and national origin.

40.    The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

41.    Defendant's actions were willful and done with malice.

42.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

43.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

(f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

44.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 8, 11 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

45.    Plaintiff is a member of a protected class of persons under Section 1981.

46.    By complaining of Defendant's discrimination, Plaintiff engaged in protected activity under Section 1981.

47.    Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

48.    Defendant's actions were willful and done with malice.

49.    Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

50.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

51.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

      (a)    A jury trial on all issues so triable;

(b)   That process issue and that this Court take jurisdiction over the case;

(c)   Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)   Compensatory damages, including emotional distress, allowable at law;

(e)   Punitive damages;

(f)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g)   Prejudgment interest on all monetary recovery obtained;

(h)   All costs and attorney's fees incurred in prosecuting these claims; and

(i)   For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

52.   Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

53.   Plaintiff is a member of a protected class under Title VII, based on her race.

54.     Plaintiff was subjected to disparate treatment and discrimination on the basis of her race, Defendant failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against Plaintiff by terminating her after she engaged in protected activity.

55.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

56.     Defendant's actions were willful and done with malice.

57.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of Title VII by Defendant;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)  Punitive damages;

h)  Prejudgment interest on all monetary recovery obtained.

i)  All costs and attorney's fees incurred in prosecuting these claims; and

j)  For such further relief as this Court deems just and equitable.

### COUNT IV – TITLE VII VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

58.  Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

59.  Plaintiff is a member of a protected class under Title VII.

60.  Plaintiff was subjected to disparate treatment and discrimination on the basis of her national origin, Defendant failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against Plaintiff by terminating her after she engaged in protected activity.

61.  Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

62.  Defendant's actions were willful and done with malice.

63.  Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   An injunction restraining continued violation of Title VII by Defendant;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)   Any other compensatory damages, including emotional distress, allowable at law;

g)   Punitive damages;

h)   Prejudgment interest on all monetary recovery obtained.

i)   All costs and attorney's fees incurred in prosecuting these claims; and

j)   For such further relief as this Court deems just and equitable.

## COUNT V – TITLE VII RETALIATION

64.   Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

65.   Plaintiff is a member of a protected class under Title VII.

66.     Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

67.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

68.     Defendant's actions were willful and done with malice.

69.     In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

70.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

      a)     A jury trial on all issues so triable;

      b)     That process issue and that this Court take jurisdiction over the case;

      c)     That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

      d)     That this Court enter an injunction restraining continued violation of Title VII by Defendant;

      e)     Compensation for lost wages, benefits, and other remuneration;

f)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)      Front pay;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## COUNT VI – ADA VIOLATION
## (DISABILITY DISCRMINIATION)

71.      Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14, 17 through 23, 31 through 34, and 36 of this Complaint, as though fully set forth herein.

72.      As a qualified individual with a handicap/disability whom Defendant knew or perceived to have handicap/disability, Plaintiff is a member of a protected class under the ADA.

73.      Plaintiff was subjected to disparate treatment by Defendant on the basis of her handicap/disability, and/or perceived handicap/disability.

14

74. Specifically, Defendant contracted COVID-19 and took a brief and defined medical leave of absence, as a reasonable accommodation.

75. Defendant then terminated Plaintiff's employment based on her disability and in retaliation for engaging in protected activity.

76. Defendant's actions were willful and done with malice.

77. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VII – ADA RETALIATION

78.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14, 17 through 23, 31 through 34, and 36 of this Complaint, as though fully set forth herein.

79.    As a qualified individual with a disability who Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

80.    Plaintiff engaged in protected activity under the ADA by requesting and taking a short and defined medical leave of absence, as a reasonable accommodation.

81.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

82.    Defendant's actions were willful and done with malice.

83.    By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

84.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

16

d)      Compensation for lost wages, benefits, and other

remuneration;

e)      Reinstatement of Plaintiff to a position comparable to her

prior position, with back pay plus interest, pension rights, and

all benefits;

f)      Front pay;

g)      Any other compensatory damages, including emotional

distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these

claims; and

k)      For such further relief as this Court deems just and equitable.

### COUNT VIII – FCRA VIOLATION
### (RACE DISCRIMINATION)

85.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

86.    Plaintiff is a member of a protected class under the FCRA, based on her race.

87.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her race, Defendant failed to take remedial action when Plaintiff

17

complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

88.    Defendant's actions were willful and done with malice.

89.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT IX– FCRA VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

90.     Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14 through 16, 21 through 30, and 34 through 36 of this Complaint, as though fully set forth herein.

91.     Plaintiff is a member of a protected class under the FCRA, based on her national origin.

92.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her national origin, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

93.     Defendant's actions were willful and done with malice.

94.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Compensation for lost wages, benefits, and other remuneration;

d)     Front pay;

e)     Any other compensatory damages, including emotional distress, allowable at law;

f)     Punitive damages;

g)     Prejudgment interest on all monetary recovery obtained.

h)     All costs and attorney's fees incurred in prosecuting these claims; and

i)     For such further relief as this Court deems just and equitable.

## COUNT X – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

95.     Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 14, 17 through 23, 31 through 34, and 36 of this Complaint, as though fully set forth herein.

96.     Plaintiff is a member of a protected class under the FCRA.

97.     Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

98.     Defendant's actions were willful and done with malice.

99.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

20

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## <u>COUNT XI – FCRA RETALIATION</u>

100.   Plaintiff realleges and readopts the allegations of paragraphs 6-10 and 14 through 36 of this Complaint, as though fully set forth herein.

101.   Plaintiff is a member of a protected class under the FCRA, due to her race, national origin, and disability.

102.   Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff due to her race and national origin.

103.   Plaintiff engaged in protected activity under the FCRA by requesting and taking a taking a short and defined medical leave of absence, as a reasonable accommodation, when she contracted COVID-19.

104.   Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

105.   Defendant's actions were willful and done with malice.

106.   By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

107.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

   a)   A jury trial on all issues so triable;

   b)   That process issue and that this Court take jurisdiction over the case;

   c)   That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

   d)   Compensation for lost wages, benefits, and other remuneration;

   e)   Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

   f)   Front pay;

   g)   Any other compensatory damages, including emotional distress, allowable at law;

   h)   Punitive damages;

   i)   Prejudgment interest on all monetary recovery obtained.

   j)   All costs and attorney's fees incurred in prosecuting these claims; and

k)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of August, 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**

23